# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| DWAYNE JAMAE JACKSON, | ) |
| Petitioner, | ) |
| v. | ) Case No. CV414-141 |
| WARDEN PHILIP HALL, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Dwayne Jamae Jackson petitions under 28 U.S.C. § 2254 for relief from a 2003 conviction. Doc. 1. Upon preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, the Court concludes that the petition is barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations.

## I. BACKGROUND

Jackson shot two men in 2001 and a jury convicted him

> of two counts of aggravated assault and two counts of possession of a firearm during the commission of a crime. Following his conviction, Jackson filed a motion for new trial asserting that several improper communications between the bailiff and the jury had unfairly chilled jury deliberations. The trial court denied Jackson's motion and Jackson [unsuccessfully] appeal[ed].

*Jackson v. State*, 282 Ga. App. 612, 612 (2006). He is serving a 50-year sentence. Doc. 1 at 1. Jackson cites no further appeal but states that he pursued states habeas relief in 2010. Doc. 1 at 3. It was denied, he says, on July 3, 2013. *Id.* He seems to indicate a second state habeas filing in 2014. *Id.* at 4 ("I tried to file but was denied on 2/18/14 for out of time because I failed to have *pauperis* notarized."). He signed the instant petition on June 30, 2014, doc. 1 at 14, claiming his trial counsel was ineffective. *Id.* at 3, 5, 6-7. He failed to complete his § 2254 form petition's "Timeliness" section. *Id.* at 13.

## II. ANALYSIS

It is not surprising that Jackson ignored the timeliness of his § 2254 petition, for it is *many years* too late. He had one year from the date of his conviction to file his § 2254 petition, although that clock was stopped so long as he had pending a properly filed state appellate or collateral appeal. 28 U.S.C. § 2244(d)(2); *Rich v. Secretary for Dept. of Corr.*, 512 F. App'x 981, 982–83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at * 1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play."). "An application is properly

2

filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Rich*, 512 F. App'x at 983 (quotes and cite omitted); *Everett v. Barrow*, 861 F. Supp. 2d 1373, 1375 (S.D. Ga. 2012).

Hence, if Jackson sat on any claim or created any time gaps in the review process, the one-year clock would continue to tick. *Kearse v. Secretary, Fla. Dept. of Corrs.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at *1. In that regard, "[a]n application that is untimely under state law is not 'properly filed' for purposes of tolling AEDPA's limitations period." *Gorby v. McNeil*, 530 F.3d 1363, 1367 (11th Cir. 2008) (cite omitted); *Dixon v. Hart*, 2013 WL 2385197 at * 3 (S.D. Ga. May 21, 2013). And once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state postconviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nesbitt*, 2014 WL 61236 at *1; *Frye v. Williams*, 2014 WL 1668127 at * 1 (S.D. Ga. Apr. 25, 2014).

Jackson sat on his claims from 2006 until 2010, when he finally got around to pursuing states habeas relief. The one-year clock ran out during that gap, and he pleads no equitable tolling exception. Accordingly, his § 2254 petition (doc. 1) must be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3). Finally, Jackson's motion for leave to file this case *in forma pauperis* (doc. 2) is **DENIED** as moot, as he has since paid the $5 fee.

**SO REPORTED AND RECOMMENDED** this 3rd day of September, 2014.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA